IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES G. HAYDEN,

        Petitioner,

v.                                                     Case No. 2:05-cv-20
                                                     (Judge Maxwell)

WILLIAM HAINES,

        Respondent.

**OPINION/REPORT AND RECOMMENDATION**

       This case was initiated on March 2, 2005, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the *pro se* petitioner challenges his denial of parole by the West Virginia Parole Board. Presently before the Court is the respondent's answer and motion to dismiss the petition for the failure to exhaust state remedies. Although the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),[1] the petitioner has not filed a reply to the respondent's motion. Accordingly, this case, before me for a report and recommendation pursuant to LR PL P § 83.01, et seq., is ripe for review.

**I. Factual Background**

       According to the parties, petitioner was sentenced by the Circuit Court of Cabell County, West Virginia on August 30, 1996. Petitioner received a sentence of 1-8 years and a consecutive 20 year sentence for his convictions for Attempted Burglary, Attempted Robbery, and Indecent Exposure. Petitioner appealed his convictions and sentences to the West Virginia Supreme

---

[1] In the notice, petitioner was advised that he was entitled to file a reply to the respondent's motion and that the failure to do so could result in the dismissal of the case against him.

Court of Appeals. Petitioners' appeal was denied on September 25, 1997.

On July 23, 2003, August 24, 2004, and August 1, 2005, petitioner was interviewed by the West Virginia Parole Board. Petitioner has been denied parole each time.

On August 31, 2004, petitioner filed a petition for writ of habeas corpus directly with the West Virginia Supreme Court of Appeals challenging the denial of his parole. That petition was refused on November 30, 2004.

## II. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner raises two grounds for relief:

(1) his rights to equal protection of the law were violated by the Parole Board when it denied parole in a discriminatory manner.

(2) his right to be free from cruel and unusual punishment was violated upon the denial of parole and the extended incarceration resulting therefrom.

## III. The Respondent's Motion to Dismiss

In his motion to dismiss, the respondent argues that petitioner has not adequately exhausted his state court remedies with regard to his claims against the Parole Board. Specifically, the respondent contends that the refusal of the Supreme Court of Appeals to issue a rule to show cause is insufficient to show exhaustion. Therefore, the respondent seeks the dismissal of this case.

## IV. Analysis

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). The petitioner bears the burden of proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v.

Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

West Virginia Code § 53-4A-1 provides concurrent jurisdiction in both the state circuit courts and the Supreme Court of Appeals for all habeas corpus actions. West Virginia has generally regarded a claim that an inmate was unconstitutionally denied parole as a claim against the lawfulness of his sentence and considered such claims under § 53-4A-1. See e.g., Stollings v. Haines, 212 W.Va. 45, 569 S.E.2d 121 (2002); Vance v. Holland, 177 W.Va. 607, 355 S.E. 2d 396 (1987); Wooding v. Jarrett, 169 W.Va. 631, 289 S.E.2d 301 (1981); Rowe v. Whyte, 167 W.Va. 668, 280 S.E.2d 301 (1981).

Furthermore, Rule 14 of the West Virginia Rules of Appellate Procedure covers "original jurisdiction," including petitions for habeas corpus. Rule 14(b) covers rules to chow cause and provides in pertinent part:

> If the Court determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Court specifically notes in the order denying a rule to show cause, that the denial is with prejudice.

The Order issued by the West Virginia Supreme Court of Appeals on which the petitioner rests his exhaustion claims states simply "[u]pon consideration whereof, the Court is of the opinion that a rule should not be awarded, and the writ prayed for by the petitioner is hereby refused." See the Respondent's Motion at Ex. 4. There being no denial with prejudice, the petitioner may pursue further relief before an appropriate West Virginia Circuit Court, and thus, it is apparent that the petition has failed to exhaust state remedies,[2] and that as a consequence, his petition must be dismissed.

---

[2] See McDaniel v. Holland, 631 F.Supp. 1544 (S.D. W.Va. 1986).

3

## V. Recommendation

For the reasons set forth in this Opinion, it is recommended that the respondent's Motion to Dismiss (Dckt. 12) be GRANTED and the petitioner's § 2254 petition be DISMISSED WITHOUT PREJUDICE to the petitioner's right to renew the same following the exhaustion of state remedies.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* Petitioner and any counsel of record.

DATED: May 25, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE